IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JUAN MANUEL REYES,

        Plaintiff,

v.

C. BOLLES, Law Library Coordinator;
Y. RANGEL, Law Library Coordinator;
MR. LEGORE, Supervisor; SUSAN
WASHBURN, Superintendent of EOCI;
ANDREA NEISTADT, Assistant Superintendent
of EOCI; COLETTE S. PETERS, Director
of DOC; HEATHER D. NEVIL, Hearings
Officer; CRYSTAL L. CORTAZOR,
Hearings Officer; and M. SWEET,
Correctional Officer,

        Defendants.

Case No. 2:19-cv-01994-AC

ORDER TO DISMISS

HERNÁNDEZ, J.

        Plaintiff, an inmate at the Eastern Oregon Correctional Institution ("EOCI"), brings this civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to an Order entered this date, the Court granted

1 - ORDER TO DISMISS

plaintiff's Application to Proceed *In Forma Pauperis*. However, for the reasons set forth below, the Court dismisses plaintiff's Complaint.

## BACKGROUND

Plaintiff's Complaint alleges three claims for relief. In his first claim, plaintiff alleges his rights were violated in connection with a disciplinary proceeding. Plaintiff does not identify the factual basis underlying the disciplinary proceeding, nor does he identify the sanction received. Plaintiff alleges he was not given fair notice of what conduct was prohibited and that EOCI officials failed to comply with Department of Corrections procedures. Plaintiff's second claim alleges law library coordinators, supervisors, and executives conspired to deprive plaintiff of his rights in order to reduce or stop the filing of cases with the courts on behalf of inmates who lacked the necessary means, understanding, education, and language skills. Plaintiff's third claim alleges that disciplinary hearings officers "fully support 100% the reports with already made decisions on the violations alleged without any proof or evidence of any wrong doing," and that hearings officers "have many times vouched for the law library coordinators since they are friends for many years and their supervisors sign off on their reports for disciplinary sanctions."

In attachments to his Complaint, plaintiff includes a narrative statement and other documents which appear to indicate that the claims in the current Complaint arise from the same facts which underlie claims alleged by plaintiff in *Reyes v. Washburn*, Case No. 2:19-cv-01562-AC. By way of remedy here, plaintiff seeks to have all disciplinary findings expunged from his personal record and reinstatement of his prior custody status, as well as money damages. Plaintiff also seeks an investigation of disciplinary actions by the law library coordinators and their supervisors against

other inmates and imposition of a requirement that a Spanish-speaking and trained legal assistant be provided to other inmates.

## STANDARDS

A district court must dismiss an action initiated by a prisoner seeking redress from a governmental entity or officer or employee, if the Court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2) & 1915A(b). When a plaintiff is proceeding *pro se*, the court must construe the pleadings liberally and afford the plaintiff the benefit of any doubt. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Moreover, before dismissing a *pro se* civil rights complaint for failure to state a claim, the court supplies the plaintiff with a statement of the complaint's deficiencies. *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623-24 (9th Cir. 1988); *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987). A *pro se* litigant will be given leave to amend his or her complaint unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *Karim-Panahi*, 839 F.2d at 623; *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

## DISCUSSION

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Naffe v. Frye*, 789 F.3d 1030, 1035-36 (9th Cir. 2015). In order to state a § 1983 claim, a plaintiff must allege facts giving rise to a reasonable inference that the named defendants were personally involved in the alleged constitutional violation. *Taylor v. List*, 880 F.2d 1040, 1045

(9th Cir. 1989). Here, none of plaintiff's claims for relief allege facts giving rise to a reasonable inference that any of the named defendants were personally involved in the alleged violation of his rights; plaintiff does not allege which defendant was personally involved in any of the actions complained of.

To the extent plaintiff's first claim alleges his rights were violated in connection with the disciplinary proceeding, plaintiff does not allege facts establishing a violation of his due process rights. *See Serrano v. Francis*, 345 F.3d 1071, 1077 (9th Cir. 2003) (procedural protections afforded a prisoner in prison disciplinary proceedings under *Wolff v. McDonnell*, 418 U.S. 539, 564-71 (1974) "adhere only when the disciplinary action implicates a protected liberty interest in some 'unexpected matter' or imposes an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life'") (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). Plaintiff does not allege any facts supporting a claim that the result of the disciplinary proceeding imposed an atypical and significant hardship such that his due process rights were implicated.

Plaintiff's second and third claims do not allege he suffered any injury. To the extent plaintiff claims prison officials conspired to prevent other inmates from filing lawsuits and to improperly discipline other inmates, plaintiff appears to lack standing to pursue such claims. *See, e.g., Lewis v. Casey*, 518 U.S. 343, 349 (1996) (doctrine of standing requires that claimant have suffered or will imminently suffer actual harm); *Caswell v. Calderon*, 363 F.3d 832, 836 (9th Cir. 2004) (case-or-controversy requirement means that plaintiff must have an actual or threatened injury traceable to the defendant and likely to be redressed by a favorable judicial decision).

Finally, to the extent plaintiff's claims in this action arise out of the same nucleus of facts underlying the claims alleged in *Reyes v. Washburn*, Case No. 2:19-cv-01562-AC, plaintiff has no

right to have two cases pending based on the identical facts. *See Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987) (dismissing as frivolous claim arising out of the same series of events and alleging the same facts as another pending action); *see also Boag v. McDougall*, 454 U.S. 364, 365 n.1 (1982) (§ 1915(d) gives district court broad discretion to take judicial notice of previously filed civil rights actions); *Hernandez v. Denton*, 861 F.2d 1421, 1425 (9th Cir. 1988), *rev'd on other grounds*, 112 S.Ct. 369 (1992) (*in forma pauperis* plaintiff has no right to bring repetitive or duplicative claims).

## CONCLUSION

Based on the foregoing, the Court DISMISSES Plaintiff's Complaint. Plaintiff may file an Amended Complaint, curing the deficiencies noted above, within 30 days of the date of this order. Plaintiff is advised that failure to file an Amended Complaint shall result in the dismissal of this proceeding, with prejudice.

IT IS SO ORDERED.

DATED this 8 day of January, 2020.

*Marco Hernández*
Marco A. Hernández
Chief United States District Judge